## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX4, <br><br>　　　　　Plaintiff, <br><br>v. <br><br>MORTGAGE LENDERS NETWORK USA, INC., <br><br>　　　　　Defendant, <br><br>CHARLES E. TRAINOR, GLADYS F. TRAINOR, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., TD BANK, N.A. F/K/A TD BANKNORTH, N.A., STATE OF MAINE-MAINE REVENUE SERVICES, AMERICAN EXPRESS, DISCOVER BANK, ADVANCEME, INC., MIDLAND FUNDING, LLC, PUGET SOUND LEASING, CAPITAL ONE, N.A. AND DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE, MITCHELL L. HEFFERNAN, JAMES E. PEDRICK, NEIL F. LURIA, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE MORTGAGE LENDERS NETWORK USA, INC. LIQUIDATING TRUST, <br><br>　　　　　Parties in Interest. | Civil Action No. _____ |

## **COMPLAINT**

Now comes Plaintiff U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series

2006-EMX4, by and through undersigned counsel, to seek a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and alleges upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, as follows:[1]

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and pursuant to 28 U.S.C. § 1332 because complete diversity is present between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

2. Defendant is subject to personal jurisdiction in this district because, among other things, it transacted business in the State of Maine and is otherwise subject to jurisdiction in this state. Under Maine law, Defendant retains an interest in the Mortgage (defined herein) on the Property (defined herein), which is located in Maine.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial amount of the events or omissions giving rise to the claim occurred in Maine, and because the Property that is the subject of this action is situated in Maine.

## PARTIES

4. U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-

---

[1] A similar Complaint for Declaratory Judgment filed by Plaintiff in Portland District Court, styled U.S. Bank National Association, as trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX4 v. Mortgage Lenders Network USA, Inc., Docket No. PORDC-CV-16-544, was dismissed without prejudice on January 25, 2018.

EMX4 ("Plaintiff") is a corporation trustee having a principal place of business at 60 Livingston Avenue, St. Paul, MN 55107.

5. Upon information and belief, Mortgage Lenders Network USA, Inc. (the "Defendant") is a defunct entity having a former address of 213 Court Street, Floor 11, Middletown, CT 06457.

6. Charles E. Trainor and Gladys F. Trainor, Parties-in-Interest, upon information and belief are the record owners of the real property and improvements located at 25 Meriline Avenue, Portland, Maine (the "Property").

7. Mortgage Electronic Registration Systems, Inc., Party-in-Interest, has its principal place of business at 1818 Library Street Suite 300, Reston, VA 20190.

8. TD Bank, N.A. f/k/a TD Banknorth, N.A., Party-in-Interest, upon information and belief, has an address located at 2035 Limestone Road, Wilmington, DE 19808.

9. State of Maine-Maine Revenue Services, Party-in-Interest, upon information and belief, has an address located at 24 State House Station, Augusta, ME 04333-0024.

10. American Express, Party-in-Interest, upon information and belief, has an address located at P.O. BOX 1270, Newark, NJ 07101-1270.

11. Discover Bank, Party-in-Interest, upon information and belief, has an address located at 502 East Market Street, Greenwood, DE 19950.

12. AdvanceMe, Inc., Party-in-Interest, upon information and belief, has an address located at 2015 Vaugh Road, Suite 500, Kennesaw, GA 30144.

13. Midland Funding, LLC, Party-in-Interest, upon information and belief, has an address located c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

14. Puget Sound Leasing, Party-in-Interest, upon information and belief, has an address located at 185 NE Gilman Boulevard, Issaquah, WA 98027.

15. Capital One, N.A., Party-in-Interest, upon information and belief, has an address located c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

16. Department of the Treasury-Internal Revenue Service, Party-in-Interest, upon information and belief, has an address located at 1111 Constitution Avenue, NW, Washington, DC 20224.

17. Mitchell L. Heffernan, Party-in-Interest, upon information and belief, is an individual residing in Lyme, Connecticut. Upon information and belief, Heffernan is or was a shareholder of Mortgage Lenders Network, USA.

18. James E. Pedrick, Party-in-Interest, upon information and belief, is an individual residing in Lyme, Connecticut. Upon information and belief, Heffernan is or was a shareholder of Mortgage Lenders Network, USA.

19. Neil F. Luria, Party-in-Interest, upon information and belief, is an individual and the duly appointed Trustee of the Mortgage Lenders Network USA, Inc. Liquidating Trust in the Chapter 11 bankruptcy proceedings filed in the U.S. Bankruptcy Court for the District of Delaware under Docket NO. 07-10146.

**STATEMENT OF FACTS**

20. Charles E. Trainor and Gladys F. Trainor, Parties-in-Interest, are the record owners of the Property by virtue of a deed from Donna R. Hurtubise, dated February 24, 1989 and recorded in the Cumberland Registry of Deeds in Book 8669, Page 63. A more particular description of the Property is attached hereto as Exhibit A.

21. On February 28, 2006, Charles E. Trainor and Gladys F. Trainor executed and delivered to Defendant a certain promissory note in the original principal amount of $272,000.00 (the "Note").

22. To secure the Note, Charles E. Trainor and Gladys F. Trainor executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Defendant, its successors and/or assigns, a mortgage on the Property, dated February 28, 2006, and recorded in the Cumberland County Registry of Deeds in Book 23735, Page 236 (the "Mortgage").

23. The loan was modified by Loan Modification Agreement dated December 18, 2008 and recorded in the Cumberland County Registry of Deeds in Book 26847 at Page 134.

24. MERS executed an Assignment of the Mortgage to Plaintiff dated December 22, 2006 and recorded in the Cumberland County Registry of Deeds in Book 24745, Page 346. Said assignment was corrected by a Corrective Assignment of Mortgage dated August 3, 2016 and recorded in the Cumberland County Registry of Deeds in Book 33342, Page 288.

25. Through a series of special and blank endorsements, Plaintiff is the current holder of the Note and entitled to enforce the Note.

26. No other person or entity has any present actual or potential right, title or interest, legal or equitable, in the Mortgage or the Property.

27. Mortgage Electronic Registration Systems, Inc., claims or may claim an interest in the property by virtue of the subject mortgage from Charles E. Trainor and Gladys F. Trainor, in the amount of $272,000.00, dated February 28, 2006 and recorded in the Cumberland County Registry of Deeds in Book 23735, Page 236.

28. Mortgage Electronic Registration Systems, Inc. claims or may claim an interest in the property by virtue of a mortgage from Charles E. Trainor and Gladys F. Trainor, in the amount of $68,000.00, dated February 28, 2006 and recorded in the Cumberland County Registry of Deeds in Book 23735, Page 257.[2]

29. TD Bank, N.A. f/k/a TD Banknorth, N.A., claims or may claim an interest in the property by virtue of a mortgage from Charles E. Trainor and Gladys F. Trainor, in the amount of $46,678.18, dated February 5, 2007 and recorded in the Cumberland County Registry of Deeds in Book 24855, Page 264.

30. State of Maine-Maine Revenue Services, claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $4,959.53, dated January 6, 2008, and recorded in the Cumberland County Registry of Deeds in Book 25736, Page 48.

31. State of Maine-Maine Revenue Services, claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $1,325.46, dated February 5, 2008, and recorded in the Cumberland County Registry of Deeds in Book 25798, Page 51.

32. American Express claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $6,955.31, dated February 4, 2008, and recorded in the Cumberland County Registry of Deeds in Book 25842, Page 121.

33. State of Maine-Maine Revenue Services, claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of

---

[2] With regard this second, subordinate mortgage, MERS was acting in its capacity as nominee for Defendant, its successors and/or assigns.

$5,073.91, dated March 2, 2008, and recorded in the Cumberland County Registry of Deeds in Book 25868, Page 347.

34. State of Maine-Maine Revenue Services, claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $3,991.80, dated March 25, 2008, and recorded in the Cumberland County Registry of Deeds in Book 25930, Page 90.

35. State of Maine-Maine Revenue Services, claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $4,750.81, dated May 1, 2008, and recorded in the Cumberland County Registry of Deeds in Book 26025, Page 121.

36. State of Maine-Maine Revenue Services, claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $16,085.44, dated May 22, 008, and recorded in the Cumberland County Registry of Deeds in Book 26081, Page 168.

37. State of Maine-Maine Revenue Services, claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $4,994.26, dated August 10, 2008, and recorded in the Cumberland County Registry of Deeds in Book 26270, Page 318.

38. Discover Bank claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $12,041.36, dated July 30, 2008, and recorded in the Cumberland County Registry of Deeds in Book 26277, Page 34

39. State of Maine-Maine Revenue Services, claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of

$4,207.11, dated August 26, 2008, and recorded in the Cumberland County Registry of Deeds in Book 26302, Page 155.

40. AdvanceMe, Inc., claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $9,060.62, dated September 22, 2008, and recorded in the Cumberland County Registry of Deeds in Book 26383, Page 81.

41. State of Maine-Maine Revenue Services, claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $1,217.83, dated November 18, 2008, and recorded in the Cumberland County Registry of Deeds in Book 26483, Page 203.

42. Puget Sound Leasing claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $19,985.69, dated January 13, 2009, and recorded in the Cumberland County Registry of Deeds in Book 26575, Page 19.

43. Capital One, N.A. claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $103,394.16, dated December 18, 2008, and recorded in the Cumberland County Registry of Deeds in Book 26600, Page 347.

44. State of Maine-Maine Revenue Services, claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $4,646.92, dated April 21, 2009, and recorded in the Cumberland County Registry of Deeds in Book 26829, Page 69.

45. Midland Funding, LLC claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $1,628.45, dated March 16, 2010, and recorded in the Cumberland County Registry of Deeds in Book 27704, Page 18.

46. Department of the Treasury-Internal Revenue Service claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $132,913.34, dated June 18, 2010, and recorded in the Cumberland County Registry of Deeds in Book 27882, Page 124.

47. Department of the Treasury-Internal Revenue Service claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $11,274.82, dated October 29, 2010, and recorded in the Cumberland County Registry of Deeds in Book 28249, Page 130.

48. Department of the Treasury-Internal Revenue Service claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $2,188.80, dated January 25, 2011, and recorded in the Cumberland County Registry of Deeds in Book 28494, Page 334.

49. State of Maine-Maine Revenue Services, claims or may claim an interest in the property by virtue of a lien against Charles E. Trainor and Gladys F. Trainor, in the amount of $23,139.55, dated August 1, 2011, and recorded in the Cumberland County Registry of Deeds in Book 28868, Page 138.

## COUNT I

## DECLARATORY JUDGMENT

50. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 49 above as if fully stated in Count I herein.

51. *Bank of America v. Greenleaf*, 2014 ME 89, calls into question the ownership of the Mortgage. As a result, the ownership rights to the Mortgage between Plaintiff and Defendant are uncertain.

52. Defendant, a defunct entity, was liquidated through a Chapter 11 Bankruptcy Case in the U.S. Bankruptcy Court for the District of Delaware, and a Final Decree discharging and releasing the Liquidating Trustee issued in May 21, 2012.

53. Because Defendant is no longer in existence, Plaintiff cannot obtain from Defendant a voluntary assignment of any residual interest it may have, if any, in and to the Mortgage.

54. Plaintiff is entitled to declaratory relief from this Court, in the form of a declaration to be recorded in the Cumberland County Registry of Deeds, declaring that Defendant, and its successors and assigns other than the Plaintiff, retain no rights or interest in and to the Mortgage and that the Plaintiff and its successors and/or assigns shall thereafter be considered the owner of the Mortgage for all legal purposes. Plaintiff is entitled to relief as the note holder.

55. Plaintiff has no adequate remedy at law and therefore seeks the equitable relief requested herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX4, respectfully requests that this Court:

A. Determine and declare the superior and exclusive rights Plaintiff has in the Mortgage and that any rights or interest Defendant may have retained in the Mortgage recorded in Book 23735, Page 236 of the Cumberland County Registry of Deeds are subordinated, transferred to, and vested in Plaintiff and its successors and/or assigns;

B. Grant such other and further relief as the Court may determine just and proper.

## **JURY TRIAL CLAIM**

Plaintiff demands trial by jury as to all issues so triable of right by a jury.

Dated:  October 31, 2018

Respectfully submitted,

U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX4,

By its attorney,

*/s/  Morgan T. Nickerson*
Morgan T. Nickerson (Maine Bar # 5525)
morgan.nickerson@klgates.com
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel:  (617) 261-3100
Fax:  (617) 261-3175

## CERTIFICATE OF SERVICE

I, Morgan T. Nickerson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: October 31, 2018                                             */s/ Morgan T. Nickerson*